IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RETA J. FOX, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CIVIL NO. 06-4001-JLF |
| BANNER FINANCE OF ILLINOIS, INC., | ) |
| et al., | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court are defendants' motion to dismiss (Doc. 15). Plaintiff has filed a response, (Doc. 25), and defendants have filed a reply (Doc. 26). This motion is discussed below.

**I.    Background.**

The following allegations are from plaintiff's complaint. On December 31, 2001, plaintiff Reta J. Fox was hired by Banner Finance to operate and manage a finance/loan office in Metropolis, Illinois. Approximately one year later, plaintiff became eligible to enroll in Banner Finance's Long Term Disability Plan. Plaintiff alleges, however, that defendants failed and refused to timely enroll her in the Plan as of January 1, 2003, and did not enroll her until July 16, 2003. Thereafter, plaintiff suffered a permanent disability which prevented her from working as of October 21, 2003.

Plaintiff submitted a proof of claim to the Plan's insurer and was denied coverage because defendants had not timely enrolled her in the Plan. Plaintiff alleges that defendants

violated the Employee Retirement Income Security Act of 1974, ("ERISA"), and has sued them for breach of employer agreement to procure and maintain disability insurance, (Count I), and for negligent failure to procure and maintain disability insurance (Count II). Plaintiff seeks to recover over one hundred thousand dollars, ($100,000), the exact amount to be determined by plaintiff's permanent disability and the amounts that would have been payable to her had defendants timely enrolled her in the Plan. Defendants' motion to dismiss is discussed below.

## II.     Motion to Dismiss Standard.

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Triad Assoc, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir.1989), *abrogated on other grounds, Bd. of County Comm'rs, Waubunsee County, Kan. v. Umbehr*, 518 U.S. 668 (1996). A plaintiff is required only to provide a short and plain statement of the claim "that will give the defendant fair notice of the claim and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence Unit*, 113 S. Ct. 1160 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (footnote omitted)). The sole issue when reviewing a motion to dismiss is whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992) (*citing Conley*, 355 U.S. at 45-46 (1957)).

## III.    Discussion.

Defendants have moved to dismiss on the ground that plaintiff's claims are preempted by ERISA. An employee insurance policy is covered by ERISA if it is a "(1) plan, fund or

program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness. . . benefits, (5) to participants or their beneficiaries." *Sather v. Neiman Marcus Group, Inc.*, 1994 WL 591969 at *2 (N.D.Ill. Oct. 27, 1994) (*citing Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir.1986); and *Ambruster v. Benefit Trust Life Ins. Co.*, 687 F.Supp. 403, 405 (N.D.Ill.1988)). Here, the long-term disability insurance plan qualifies as an employee welfare benefit plan under ERISA, because, as alleged in plaintiff's complaint, it was established and maintained by defendants for the purpose of providing welfare benefits to its employees.

Plaintiff's state law claims "relate to" the ERISA plan and are therefore preempted by ERISA. Specifically, ERISA provides for the preemption of "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan·. . . " *29 U.S.C. § 1144(a)*. The United States Supreme Court has explained that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *District of Columbia v. Greater Washington Bd. of Trade*, 113 S.Ct. 580, 583 (1992).

Here, plaintiff's claims "relate to" the ERISA plan because they are based on the existence of the plan and the benefits it provides. Furthermore, plaintiff seeks damages in an amount that she would have received under the Plan. As such, determination of damages requires reference to the ERISA Plan, and this reference is sufficient to establish a relationship between her state law claims and the Plan which warrants a finding of

preemption. *See Lindstrom v. W.J. Bauman Assoc., Ltd.,* 2006 WL 278858 at *1 (W.D.Wis.Feb. 3, 2006) (claim that employer negligently failed to enroll infant son in insurance plan was preempted by ERISA); *see also Sather,* 1994 WL 591969 at *3 (claims related to employer's alleged failure to enroll employee in long-term disability plan were preempted by ERISA) (*citing Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57 (1987) (plaintiff's allegations of fraud and negligence in processing disability claim preempted by ERISA); *Smith v. Blue Cross & Blue Shield,* 959 F.2d 655 (7th Cir.1992) (plaintiff's breach of contact action arising from insurer's denial of coverage preempted by ERISA); *Lister v. Stark,* 890 F.2d 941 (7th Cir.1989) (plaintiff's claim for retroactive pension benefits preempted by ERISA); and *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 127 (7th Cir.1992) (plaintiff's negligent misrepresentation claim related to plan's coverage preempted by ERISA)).  For these reasons, defendants' motion to dismiss is granted.

**IV.     Summary.**

For the foregoing reasons, defendants' motion to dismiss (Doc. 15) is **GRANTED**. Plaintiff is granted leave to file an amended complaint on or before June 14, 2006.

**IT IS SO ORDERED.**
**DATED: May 31, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**